Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 100165
T. (212) 209-3933
F. (212) 209-7102
E-mail pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS E. CABANILLA, | Case No.: 24 cv 9509 |
| Plaintiff, | **COMPLAINT** |
| -against- | ECF CASE |
| GREGG S. HYMOWITZ, and MARCELLA GUARINO HYMOWITZ, | Jury Trial Demanded |
| Defendants. | |

Plaintiff, Luis E. Cabanilla ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Gregg S. Hymowitz and Marcella Guarino Hymowitz (both defendants collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) pre-judgment and post-judgment interest, and, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. The District Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), (c)(1).

3. Plaintiff is a citizen of the State of New Jersey.

4. Defendant, Gregg S. Hymowitz, is a citizen of the State of New York.

5. Defendant, Marcella Guarino Hymowitz, is a citizen of the State of New York.

6. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

8. Plaintiff was employed by Defendants in New York County, New York as a non-exempt driver / chauffer, beginning on or about August 15, 2022 through August 13, 2024, without interruption.

9. Upon information and belief, Defendant, Gregg S. Hymowitz, is an individual whose primary address is 20 East 64th Street, New York, New York 10065.

10. At all times relevant to this action, Defendant Gregg S. Hymowitz was plaintiff's "employer" pursuant to New York Labor Law § 2 and the Regulations thereunder.

11. Upon information and belief, Defendant, Marcella Guarino Hymowitz, is an individual whose primary address is 20 East 64th Street, New York, New York 10065.

12. At all times relevant to this action, Defendant Marcella Guarino Hymowitz was plaintiff's "employer" pursuant to New York Labor Law § 2 and the Regulations thereunder.

13. At all times relevant to this litigation, Defendants, jointly, were Plaintiff's employer within the meaning of the New York Labor Law.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages and overtime compensation, in contravention of the New York Labor Law.

15. Defendants, Gregg S. Hymowitz and Marcella Guarino Hymowitz, together, upon information and belief, set the compensation of Luis E. Cabanilla.

16. Defendant, Gregg S. Hymowitz, is an individual who, had the authority and exercised such authority, to hire, fire, set the hours and pay, and direct and control the day-to-day working duties and responsibilities of Luis E. Cabanilla.

17. Defendant, Gregg S. Hymowitz paid Plaintiff, through a payroll company.

18. Defendant, Marcella Guarino Hymowitz, is an individual who, had the authority and exercised such authority, to hire, fire, set the hours and pay, and control the day-to-day working duties and responsibilities of Luis E. Cabanilla.

19. Defendant, Gregg S. Hymowitz terminated the Plaintiff, in August 2024.

20. At all relevant times herein, Plaintiff performed his duties for Defendants, and their family members, business associates, and friends, under the direction and control of Gregg S. Hymowitz and Marcella Guarino Hymowitz.

21. Defendants jointly, and individually, acted as Plaintiff's employer as such term is used for purposes of the New York Labor Law.

22. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**PARTIES**

23. Plaintiff is a resident of Morris County, New Jersey.

24. Upon information and belief, Defendant, Gregg S. Hymowitz is an individual who resides in Manhattan (New York County) and has offices in New York County, New York.

25. At all times relevant to this litigation, Defendants, jointly, were Plaintiff's employer within the meaning of the New York Labor Law.

26. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime wages, in contravention of the York Labor Law.

27. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

28. On or about August 15, 2022, Plaintiff, Luis E. Cabanilla, was hired by Defendants to work as a non-exempt chauffeur / driver, for Defendants' family, which employs household staff.

29. Plaintiff, Luis E. Cabanilla, worked for the Hymowitz family generally, and specifically Defendant Gregg S. Hymowitz, beginning in August 15, 2022, through August 13, 2024.

30. During Plaintiff's employment by the individual Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked between eighty (80) and eighty-two (82) hours per week with the exception of periods in July and August when he remained on call throughout but drove during fewer hours.

31. Plaintiff did not have a set schedule except in the morning when he has various errands and duties to perform before arriving at the Hymowitz home at 6:00 a.m. Thereafter, he was required to be available until 7:00 p.m., and often required to work well into the night.

32. Plaintiff was engaged to be available for work six (6) days per week, typically between 6:00 a.m. until 7:00 p.m. His daily schedule was provided to him by the defendants, though it was subject to change, and he could be required to work as many as twenty (20) hours in a given day.

33. Plaintiff's workday began before picking up Defendants or their children or other designee, because he was required to have the vehicle washed and cleaned, and filled with gas.

He then had to obtain daily papers for the Defendants, purchase bagels and coffee and take the dog for a walk, all before his driving duties began.

34. When he was not required to drive Gregg S. Hymowitz, Plaintiff was assigned other duties, such driving guests, business associates, pets, art, other family members, or performing other errands.

35. Plaintiff was given no vacations or time off during the course of his employment.

36. Upon information and belief, a time keeping system was not used because Plaintiff was always paid for forty (40) hours per week, depriving him of compensation for time spent working in excess of forty (40) hours per week.

37. At the time of hiring, Plaintiff was offered employment on an at-will basis, but he was not given a wage notice or an hourly rate of pay.

38. Plaintiff was paid weekly, based upon a salary. His salary in 2022 was ninety-five thousand dollars ($95,000), per year. In 2023 his salary was increased to one hundred five thousand dollars ($105,000), per year. He was not paid hourly. He was only paid for forty (40) hours, even though he worked well in excess of forty (40) hours, most weeks.

39. Plaintiff did not receive an overtime premium or any compensation for work performed in excess of forty (40) hours each week.

40. At all times during his employment, Plaintiff was a non-exempt employee.

41. During Plaintiff's employment, he was paid by payroll check. Plaintiff was not paid for all time worked, and work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate, as required by law.

42. Plaintiff did not receive annual wage notices required by New York State regulations.

43. Plaintiff was improperly classified and compensated as an "exempt" employee.

44. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff for work performed over forty (40) hours in a workweek.

45. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate or sufficient time records.

## STATEMENT OF CLAIM
## COUNT I
### [Violation of the New York Labor Law]

46. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

48. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times his regular rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

49. Defendants did not keep track of Plaintiff's working hours but required him to be their driver on call, working at least thirteen (13) hours per day, and often longer.

50. Plaintiff was provided Plaintiff with a paystub which did not record or report his hours worked or his rate of pay, and he was not paid on an hourly basis.

51. Plaintiff was not part of "management"; he was entitled to overtime compensation.

52. Defendants willfully disregarded and purposefully evaded overtime compensation requirements of the New York Labor Law.

53. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT II
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

54. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

56. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

57. Defendants did not provide Plaintiff, with statements accurately accounting for his actual hours worked, and setting forth his hourly rate of pay, regular wage, and overtime wages.

58. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying him for his full hours worked; and, overtime due.

59. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

60. Plaintiff was not provided with true and accurate wage statements and annual wage notices, as required by law.

61. As a result of Defendant's violations of New York Labor Law § 195(1), for the Plaintiff may recover statutory penalties, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-b).

62. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover statutory penalties for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

63. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Luis E. Cabanilla, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the New York Labor Law;

(c) An award of liquidated damages and statutory penalties, as a result of Defendants' failure to pay overtime wages pursuant to the New York Labor Law;

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses of this action with reasonable attorneys' fees; and,

(f) Such other and further relief as the Court determines to be just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
December 12, 2024

                                         Respectfully submitted,

                                         CILENTI & COOPER, PLLC
                                         **Attorneys for Plaintiff**
                                         60 East 42nd Street – 40th Floor
                                         T. (212) 209-3933
                                         F. (212) 209-7102
                                         pcooper@jcpclaw.com

                By: _____
                                         Peter H. Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Luis Cabanilla, am an employee currently or formerly employed by Gregg S. Hymowitz , and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
December 11, 2024

_____
Luis Cabanilla