UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                           :

CABANILLA,                         :

                   Plaintiff,     :

       -against-               :

HYMOWITZ ET AL,          :

               Defendants.    :
                           :
-------------------------------------------------------------- x

**ORDER AND OPINION
DENYING MOTION TO
DISMISS**

24 Civ. 9509 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff Luis Cabanilla, a chauffeur employed by Defendants Gregg Hymowitz and Marcella Guarino Hymowitz, alleges that Defendants failed to pay him overtime compensation for hours worked in excess of forty hours in a workweek. Defendants move to dismiss the complaint. For the reasons below, Defendants' motion to dismiss is denied.

FACTS

       The following facts are taken from plaintiffs' amended complaint, which I must "accept[] as true" for the purpose of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

       Plaintiff Luis Cabanilla was employed as a non-exempt chauffeur by Defendants Gregg Hymowitz and Marcella Guarino Hymowitz from August 15, 2022 through August 13, 2024. As part of his employment, Mr. Cabanilla drove Mr. and Mrs. Hymowitz and other friends and family members of Defendants and performed errands such as buying food and newspapers, cleaning the vehicle, and walking the family dog. Mr. Cabanilla did not have a set daily schedule, but he typically worked between 6:00 a.m. and 7:00 p.m., six days a week. At times, Mr. Cabanilla was required to work late into the night and as many as twenty hours in a day. He alleges that he generally worked between eighty and eighty-two hours per week except

1

certain periods in July and August when he drove fewer hours but was required to be on call. There was no time tracking system in place during his employment.

Mr. Cabanilla was paid weekly, based on a salary of $95,000 in 2022 and $105,000 in 2023. That salary covered a forty-hour work week. The complaint alleges that as a non-exempt employee, Mr. Cabanilla was entitled to be paid time and one-half of his regular rate for any hours worked over forty hours per week, but that Defendants did not pay Mr. Cabanilla such overtime compensation. The only compensation Mr. Cabanilla received was his regular salary. Mr. Cabanilla also alleges that Defendants failed to maintain or provide certain payroll records required by New York State law. Plaintiff now seeks monetary damages.

### LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001), *as amended* (Apr. 20, 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### DISCUSSION

"To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York-Presbyterian*

2

*Healthcare System, Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). Mr. Cabanilla has done so here. It is sufficient at this pleading stage to allege, as Mr. Cabanilla has, that during the period of his employment, from August 2022 through August 2024, he generally worked for thirteen hours a day six days each week, if not more, and that he was not compensated overtime pay for hours worked in excess of forty hours per week. *See Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 456 (E.D.N.Y. 2014); *see* New York Labor Law §§ 650 *et seq*.

### CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss is denied. The Clerk is directed to terminate the open motion, ECF No. 9.

SO ORDERED.

Dated:        April **29**, 2025
             New York, New York

ALVIN K. HELLERSTEIN
United States District Judge